ELIZABETH CITY COTTON MILLS v. LOEB.

(Circuit Court of Appeals, Third Circuit. December 16, 1902.)

No. 7.

1. CONTRACTS—RELATION OF PARTIES—BUYER AND SELLER—PRINCIPAL AND AGENT—EVIDENCE—ADMISSIBILITY.

Where, in an action for breach of an alleged contract of sale, defendant set up that no such contract was made, but that the negotiations related to his employment as agent, merely, and plaintiff, to sustain his case, introduced only a part of the correspondence between the parties, it was not error for the court to admit all the correspondence and the conversations of the parties relating to the transaction as an entirety, especially where the correspondence introduced by plaintiff was ambiguous.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

C. Wilfred Conrad, for plaintiff in error.

W. Horace Hepburn, for defendant in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

DALLAS, Circuit Judge. This was an action by the plaintiff in error, as vendor, against the defendant in error, as vendee, to recover for the breach of an alleged contract of sale of yarn. The defense was that no such contract had been made; that the defendant's negotiations with the plaintiff were not for a purchase by the defendant himself, but related wholly to his employment, as agent of the plaintiff, to make sales to others for its account. The parties had had a correspondence, and also some oral communications, during a period extending from December, 1899, to June, 1900; and to maintain its allegation that the defendant had bought yarn from it, which he afterwards refused to accept, the plaintiff relied upon only a part of that correspondence, as follows:

"March 21st, 1900.

"Mr. Oscar D. Loeb, Philadelphia, Pa.—Dear Sir: We would like to have an offer from you for about 75,000 to 100,000 lbs. No. 30/2 ply yarn (warp), and about 20,000 lbs. 20/1, deliveries to begin in June at the rate of about 10,000 lbs. of 30/2 ply, and 4,000 lbs. of 20/1, weekly.

"Yours very truly, Elizabeth City Cotton Mills,
"By J. J. Gregory, Sec."

"March 22nd, 1900.

"Messrs. Elizabeth City Cotton Mills, Elizabeth City, N. C.—Gentlemen: Your favor of the 21st inst. to hand, and in reply thereto would say that I can

sell 50,000 lb. of 30/2 warps, 10,000 lb. weekly, beginning in June, at 30c. per lb., and 20,000 lb. of 20/1 warps, 4,000 lb. weekly, beginning in June, at 21c. per lb., which I trust will meet with your approval. Could, no doubt, secure additional orders on these numbers for you later on. Thanking you for giving me the opportunity, and hoping to receive a favorable reply by return mail, I remain,

"Yours very respectfully,            Oscar D. Loeb.

"Dic. O. D. L.

"Hope we will trade this time, and, if so, for always."

(Telegram.)

"March 26, 1900.

"Oscar D. Loeb, 226 Chestnut Street, Philadelphia: Accept your offer fifty 50,000 thousand thirties and twenty 20,000 thousand twenties.

"Elizabeth City Cotton Mills."

"March 26, 1900.

"Mr. Oscar D. Loeb, Philadelphia, Pa.—Dear Sir: We have your favor of the 22nd, stating that you can sell 50,000 lbs. 30/2 ply at 30c., delivery 10,000 lbs. weekly, beginning in June, and 20,000 lbs. 20/1 at 21c., delivery 4,000 lbs. weekly, beginning in June, and we have wired you, 'Accept your offer 50,000 thirties and 20,000 twenties,' which we now confirm. We figure that we may be able to begin deliveries on 30/2 ply, possibly, about the middle of May at the rate of about 5,000 lbs. weekly, which will be about as well as we can do until July, when we could increase to about 15,000 lbs. weekly. We figure that we can begin on the twenties as desired, 4,000 lbs. weekly, from about the middle of June.

"Yours very truly,            Elizabeth City Cotton Mills," etc.

"Subject to accidents, strikes, or other delays beyond our control."

"Philadelphia, March 28, 1900.

"Messrs. Elizabeth City Cotton Mills, Elizabeth City, N. C.—Gentlemen: Your message of the 26th inst. to hand, as follows: 'Accept your offer fifty thousand thirties and twenty thousand twenties,' also your letter of same date confirming same, contents of which I note. As the delivery on these goods is quite some distance off yet, my customer prefers waiting to give me the descriptions until you are about ready to begin shipments, so as to avoid changes, if possible. From our conversation when I was at your place last, I presume that you will confine the handling of your entire production to me from the date deliveries begin on my orders, so long as everything is satisfactory. Would kindly ask you to reply to this by return mail, so that I may know how to act in selling your yarns, and that I may know that none of my competitors will be able to offer your yarns to the same people, thereby avoiding an unnecessary and unwholesome competition. Being assured of this by you, it will enable me to hold firm at full market value, and also bar the trade here informing me that they can buy the same yarns from my competitors for less money. Hoping to hear from you favorably, and that this order is the forerunner of many more, I remain,

"Yours very respectfully,            Oscar D. Loeb.

"Dic. O. D. L."

"April 3rd, 1900.

"Mr. Oscar D. Loeb, Philadelphia, Pa.—Dear Sir: Replying to your inquiry of March 28th, will say that we are not prepared to turn over our account in full to you. That will depend upon later developments, which we cannot foresee. We are giving you a trial, which, if it proves satisfactory, may lead to further business with you.

"Yours very truly,            Elizabeth City Cotton Mills," etc.

"April 9, 1900.

"Messrs. Elizabeth City Cotton Mills, Elizabeth City, N. C.—Gentlemen: Your favor of 3rd instant to hand, and contents noted. Replying to same, would say that it is not satisfactory, and, as you will not guaranty me your production, I withdraw my order as same was given you with the understanding based upon our recent conversation at your place, when you told

me that you would confine your production to one house only, and I cannot afford to handle it under any other conditions, and take the chances that I have taken in paying you the fullest prices for yarns on a declining market, with the possibility of receiving no more yarns from you, and, if so, only a part of same, and the balance of your production coming in competition with itself by its sale through my competitors. I am sorry that my first attempt in this matter should turn out this way, but I assure you that there was no other object in my going to all the trouble that I have gone to, except for the reasons above. Under your conditions, you place yourself in the same state as most other mills with whom I am doing business, and with whom I would not place orders for future delivery at these prices, and take such chances, unless with the object in view as above stated.

  "Yours very respectfully,        Oscar D. Loeb.
  "Dic. O. D. L."

                   "June 4th, 1900.

  "Oscar D. Loeb, Philadelphia, Pa.—Dear Sir: In conformity with your letter of March 26th, we beg to advise you that we are now ready to take up the orders for 50,000 lbs. No. 30/2 ply and 20,000 lbs. No. 20/1. Please forward descriptions and shipping instructions promptly.

  "Yours very truly,      Elizabeth City Cotton Mills," etc.

                   "June 6, 1900.

  "Messrs. Elizabeth City Cotton Mills, Elizabeth City, N. C.—Gentlemen: Replying to your favor of the 4th inst., would say that, in conformity with our conversation and my correspondence, I do not consider that I have any contract with you; hence there will be no descriptions or delivery instructions forthcoming.

  "Yours very truly,          Oscar D. Loeb.
  "Dic. O. D. L."

Even if this part of the correspondence were alone to be considered, it would not clearly appear that the relation of seller and buyer was intended to be created, for it includes several expressions (see especially the letters of March 22, 1900, and April 3, 1900) which, upon the assumption of such intent, would seem to be palpably incongruous, but which, with reference to the establishment of the relation of principal and sales agent, are plainly pertinent and quite intelligible. Yet the court below was asked to exclude all the letters prior to that of March 21, 1900, as well as the contemporaneous conversations of the parties, and to hold that a contract of sale was conclusively shown by this ambiguous and arbitrarily selected portion of the continuous and connected correspondence. We are of opinion that the learned judge was clearly right in declining to do this, and in receiving and submitting to the jury the correspondence and conversations as an entirety. The question was as to the true nature of the transaction which the parties had had under consideration, and, for the correct determination of that question, it was essential that all that had passed between them upon the subject should be known. The letters, and the conversations to which they presumably related or expressly referred, were therefore rightly admitted, and, being both admitted, their effect as a whole was properly left to the jury; and we may add that, in our judgment, its verdict for the defendant was the only one which could reasonably have been rendered.

The judgment of the circuit court is affirmed.